# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-512V
Filed: May 22, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
AUTUMN LAIDLAW, legal representative \*
of a minor child, EMILY STONE,     \*
    \*
        Petitioner,     \*
    \*         Damages Decision Based on Proffer
v.     \*
    \*
SECRETARY OF HEALTH     \*
AND HUMAN SERVICES,     \*
    \*
        Respondent.     \*
    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Verne E. Paradie, Jr., Lewiston, ME, for petitioner.
Lara A. Englund, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On May 20, 2013, respondent filed a Proffer on Award of Compensation. Based on the record as a whole, the special master finds that petitioner is entitled to the award as stated in the Proffer. Pursuant to the terms stated in the attached Proffer, the court awards petitioner an amount sufficient to purchase an annuity contract subject to the conditions described in section II. of the Proffer, which will provide for a lump sum payment of $45,731.71 to be made on or

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

about December 2, 2027.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: May 22, 2013                                                    /s/ Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

AUTUMN LAIDLAW, legal representative )
of a minor child, EMILY STONE, )
                                  )
             Petitioner, )
                                    )
        v. )  No. 12-512V
                                    )  Special Master Laura Millman
SECRETARY OF )
HEALTH AND HUMAN SERVICES, )
                                    )
           Respondent. )
                                    )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.    Compensation for Vaccine Injury-Related Items

Petitioner alleged that Emily Stone suffered fat necrosis following her receipt of a

measles-mumps-rubella vaccine on August 13, 2012.  Respondent proffers that Emily Stone

should be awarded the compensation described in Section II below.  This amount represents all

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).

Petitioner agrees.

### II.    Form of the Award

The parties recommend that the compensation provided to Emily Stone should be made

through respondent's purchase of an annuity to provide a future payment as described below, and

request that the special master's decision and the Court's judgment award the following:

An amount sufficient to purchase an annuity contract[1] that will provide for a lump sum payment of $45,731.71 to be made on or about December 2, 2027, paid to the life insurance company[2] from which the annuity will be purchased.[3]

Respectfully submitted,

STUART F. DELERY
Acting Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

ALTHEA W. DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

---

[1] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[3] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

s/ LARA A. ENGLUND
LARA A. ENGLUND
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-3013

DATED:  May 20, 2013